```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
    ANDRES BERISTAIN                                         :
                                                             :
                            Plaintiff,                       :
                                                             :   **MEMORANDUM DECISION AND**
              -against-                                      :   **ORDER**
                                                             :
    103 DITMAS LLC,                                          :   25-cv-727 (BMC)
                                                             :
                            Defendant.                       :
                                                             :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This is a purported diversity action in which plaintiff alleges that he is a citizen of Mexico and defendant is "a limited liability company, all of whose members are, upon information and belief, citizens of New York and not citizens of Mexico, [and] is duly organized and existing under the laws of the State of New York with its principal place of business at 2324 Avenue Respondent, Brooklyn, NY 11229."

This Court ordered plaintiff to show cause why the case should not be dismissed because the citizenship of the defendant was not adequately alleged. It cited him to Anham USA v. Afghan Global insurance, Ltd., No. 23-cv-2763, 2024 WL 3362991 (S.D.N.Y. July 10, 2024), and Kenshoo, Inc. v. Aragon Advert., LLC, 586 F. Supp. 3d 177 (E.D.N.Y. 2022), which are two of many cases holding that each member of an LLC must be specifically identified and its citizenship alleged in order to show the LLC's citizenship. See also Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC, No. 20-cv-731, 2020 WL 7711629, at *2 (S.D.N.Y. Dec. 29, 2020) (collecting cases); Go Farm Hemp, LLC v. Canopy Growth USA, LLC, No. 19-cv-1370, 2019

WL 5842908, at *2 (W.D.N.Y. Nov. 7, 2019); Axalta Coating Sys., LLC v. Atl. Auto Body of Freeport, LLC, No. 18-cv-3521, 2019 WL 1491959, at *2 (E.D.N.Y. Apr. 4, 2019).

Plaintiff has responded to the order to show cause. It does not appear he has reviewed the law on this issue, including the cases that the Court cited to him. First, he asserts that he did not realize that he had to complete Part II of the Rule 7.1 statement on behalf of the defendant. He did not; the Court never said he did. The deficiency is in his complaint, not his Rule 7.1 statement.

Second, he annexes various publicly filed documents of the defendant LLC which show an individual named Mansoor Hatanian as the Manager of the LLC, and asserts that "these are the totality of the publicly available documents which do not demonstrate any connection to the Country of Mexico." As the authorities note, that is precisely the problem. Public filings for LLCs generally do not disclose who the members are and that makes it hard to allege diversity of citizenship sufficient to bring suit against them in federal court. As the court stated in Kenshoo:

> No doubt, the combination of the statutory requirements for diversity jurisdiction and the lack of public information about ownership of unincorporated associations often makes it difficult to proceed in federal court when a case involves a limited liability company. States generally do not require disclosure of ownership interests in a limited liability company or a limited partnership, unlike their treatment of a corporation's state of incorporation or its principal place of business. Indeed, one reason that individuals entering a business may choose an unincorporated form is to avoid disclosure of ownership interests.
>
> But at least when it comes to citizenship for diversity purposes, that is the way Congress wants it. Congress granted a special citizenship status to corporations that could be ascertained from public records and observation of their principal place of business, and despite the increasing use of unincorporated entities as business vehicles over the last 30 years, Congress has not amended the diversity statute to treat such entities the same way as corporations for diversity purposes. It is not up to the courts to amend the statute to increase the reach of federal jurisdiction where Congress has not.

586 F. Supp. 3d at 181 (cleaned up).  As the Second Circuit has similarly held, an allegation that an LLC "is a citizen of a different state" than the plaintiff "is insufficient to show that the diversity requirement is met because, standing alone, it is entirely conclusory." Carter v. HealthPort Technologies, LLC, 822 F.3d 47, 60 (2d Cir. 2016).

Finally, even if plaintiff's speculation that no member of the LLC is a citizen of Mexico were correct, that still would not adequately form a basis for diversity jurisdiction. If any member of the LLC is a citizen of any foreign country, not just Mexico, then the citizenship of the LLC would not be diverse from plaintiff.  See Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 580-81 (2d Cir. 2002).

The case is therefore dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
February 18, 2025

3